[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 25, 1971 in Milford, Connecticut. The plaintiff has resided in this state for more than one year prior to the institution of this action. There are two minor children issue of this marriage: JoAnne Bocialetti, born October 9, 1977 and Cara Lynn, born December 7, 1979.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. CT Page 849 Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 23 years. There are three children issue of the marriage, two of whom are minors, aged 16 and 14 years of age. The plaintiff has worked throughout the marriage in part time endeavors. In 1991, she took on full time employment when the defendant became unemployed. During the earlier years of the marriage when the children were small the plaintiff did remain home taking on the traditional role of homemaker. Starting in 1980 the plaintiff obtained employment outside the home which has continued to the present.
The defendant provided the main support for the family throughout the marriage, working full time, except for the period of time he was unemployed which occurred sometime in 1991. The defendant made substantial efforts to regain employment and has fortunately obtained a position out of State.
The plaintiff is presently employed full time, earning approximately $35000. per year. The defendant has been able to obtain employment and has relocated to Pennsylvania. He is presently earning $60,000. per year.
The plaintiff is 45 years of age and in good health. The defendant is 49 years of age and in good health. Since the defendant's new employment is out of State, it will require the defendant to set up a new home/living arrangements which will be at an additional expense for the defendant. As in so many matters, there is only so much money to go around and both parties will feel the economic crunch.
Unfortunately, the parties were unable to resolve their marital difficulties. The Court declines to assess fault to either party for the breakdown of the marital relationship. There was not a scintilla of evidence as to any infidelity on the part of the plaintiff.
The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow. CT Page 850
The court notes that in 1985 the defendant received an inheritance of approximately $35,000. The defendant purchased a 19 foot boat which has a value of $9000 according to the defendant's testimony. The parties also purchased a condominium located at 6 MacIntosh Lane, Ansonia, Connecticut. There is a mortgage of approximately $92,244 on this condo. Both parties indicate the condo has a value of approximately $80,000 to $85,000, thus resulting in a negative net equity with respect to the condo.
The defendant requests that the boat be awarded to him as this was purchased with his inherited funds. However, with respect to the condo, the defendant requests that the plaintiff share in the loss or the negative equity of this property. The defendant would share the debt but not the asset.
The defendant failed to recognize and understand the noneconomic contributions made by the plaintiff to this household and to this marriage, indicating instead that the plaintiff had received free room and board.
The following orders shall enter:
A. Custody and Visitation
1. There shall be joint custody of the minor children with physical residence to the plaintiff.
2. The defendant shall have liberal, reasonable and flexible visitation with the minor children keeping in mind the schedule of the children and the relocation of the defendant.
B. Medical Coverage
1. The defendant shall provide medical hospital and dental insurance for the benefit of the minor children, as is available through his place of employment.
2. The plaintiff shall continue to maintain the medical and dental insurance as is available through her employment for the benefit of the minor children. The cost to the plaintiff to maintain said insurance is $10. per week. In the event the cost of said insurance shall exceed $10 per week the plaintiff shall have the right to petition the court to address the issue of the plaintiffs and the defendants responsibility to maintain medical insurance on behalf of the minor children. CT Page 851
3. Any unreimbursed reasonable medical expenses including but not limited to optical, surgical, hospital, psychiatric, psychological, dental and orthodontia expenses and prescriptive drugs, shall be equally divided between the parties.
4. Section 46b-84(c) Connecticut General Statutes shall inure to the benefit of the plaintiff and is so ordered.
C. Child Support
1. Commencing February 1, 1994 the defendant shall pay to the plaintiff the sum of $285. per week for the support of the 2 minor children. Said support shall be paid until each child reaches the age of 18 years, becomes emancipated or dies.
2. The court is deviating from the child support guidelines in view of the financial circumstances of the defendant, the award of alimony to the plaintiff, the division of assets and other equitable factors.
D. Real Estate — Marital Home
1. With respect to the jointly owned real estate located at 243 Hyland Terrace, Orange, Connecticut, said property shall remain in joint names. The plaintiff shall have exclusive possession and occupancy of said premises until the first of the following events shall occur:
(a) Plaintiff's remarriage or cohabitation as defined by statute;
(b) Plaintiff's death;
(c) Plaintiff no longer desires to live in said home;
(d) Six years from the date hereof.
2. Upon anyone of the above events occurring, the premises shall be placed on the market for an agreed listing price and shall be sold forthwith. If the parties are unable to agree on a listing price each party will choose an appraiser and if the listing price cannot be agreed upon, the appraisers shall choose a third appraiser and if the listing price cannot then be agreed upon between the plaintiff and the defendant, the average cumulative CT Page 852 appraisal of the 3 appraisers shall be binding on the plaintiff and the defendant.
3. The parties shall accept any offer within 5% of the listing agreement.
4. From the gross proceeds of the sale of the marital home, the following shall be paid:
 (a) Balance due on the existing first mortgage to Great Country Bank;
(b) Balance of the home equity loan at Gateway Bank;
(c) Real Estate Broker's Commission, attorneys fees and other usual costs of closings;
5. The remaining net balance of the proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
6. Until such time as the real estate has been sold and so long as the plaintiff is residing in the marital home, the plaintiff shall be responsible for the first mortgage payment including principal and interest; the real estate taxes; homeowners insurance; utilities and the interest only in the home equity loan.
7. The plaintiff shall receive a credit at closing for the principal reduction of said first mortgage from the date hereof.
8. The plaintiff shall be responsible for repairs under $300 per year cumulatively.
9. Major repairs shall be paid by each party in accordance with their respective percentage interest in said real estate. Major repair shall include those repairs costing more than $300 cumulatively each year and which are reasonably necessary to maintain the property in good condition. Neither party shall incur any major repair without the written consent of the other party which consent shall not be unreasonably withheld except in the case of an emergency.
10. The Court shall retain jurisdiction over any disputes pertaining to the sale of the Real Estate.
11. Neither party shall withdraw any money from the balance of CT Page 853 the home equity loan unless agreed by both parties.
12. The plaintiff shall be entitled to take as deductions on her tax return each year the interest on the first mortgage, interest on the home equity loan, real estate taxes and her share of repairs if any.
E. Real Estate
1. The plaintiff shall Quit Claim her interest in the real estate located at 6 MacIntosh Lane, Ansonia, Connecticut to the defendant forthwith. The defendant shall be solely responsible for the mortgage, taxes, insurance and condo fees and he shall hold the plaintiff harmless from any and all liability thereon. In the event of any deficiency judgment, the defendant shall be solely responsible for said deficiency and shall hold the plaintiff harmless therefrom.
2. The court is awarding the boat to the defendant and this asset has sufficient equity to pay off a deficiency judgment, if any.
3. In the event the plaintiff becomes obligated to pay anything in connection with this condominium, then the defendant shall reimburse the plaintiff from his net proceeds from the sale of the marital home.
4. The defendant shall be entitled to claim as deductions on his income tax return, the interest, taxes, insurance paid in connection with this condominium.
F. Pension
1. The plaintiff shall be entitled to 50% of the defendant's 401(k) benefits/Pension from MK Labs. A QDRO shall be executed to secure the plaintiff's 50% interest in said Plan. The plaintiff shall be entitled to survivors benefits and shall continue to be the survivor beneficiary on said plan. The court shall retain jurisdiction over any disputes arising out of the preparation of the QDRO.
G. Alimony
1. Commencing February 1, 1994 the defendant shall pay to the plaintiff as periodic alimony the sum of $50. per week until the CT Page 854 plaintiff's death, remarriage, cohabitation as defined by statute or the death of the defendant.
2. The court, in awarding life time alimony, is taking into account all the statutory criteria, including length of marriage, division of the marital assets, the amount of income and employability of each party.
H. Debts
1. The plaintiff and the defendant shall be equally responsible for the People's Visa bill.
2. Each party shall be responsible for their own liabilities as set forth on their respective financial affidavits except as other wise set forth herein.
I. Personal Property
1. The 1984 Chevrolet Caprice Wagon shall be the sole property of the plaintiff and the defendant shall execute the appropriate documentation forthwith.
2. The 1978 Chevy Caprice shall be the sole property of the defendant and the plaintiff shall execute the appropriate documentation forthwith (This motor vehicle was not listed on either financial affidavit, however both parties requested this relief in their claims for relief.
3. The parties shall divide the personal property contained in the marital home as they shall agree. In the event the parties are unable to agree on a division of personal property they are referred to Family Services for mediation and if this is unsuccessful the court shall make the determination after a hearing thereon.
4. The 19 foot Boat is awarded to the defendant.
J. Miscellaneous
1. The plaintiff shall be entitled to claim the minor children as tax exemptions for the year 1993.
2. Commencing in 1994 the defendant shall be entitled to claim the minor children as tax exemptions provided he is current with CT Page 855 his child support obligations as of December 31st of each calendar year.
K. Arrears
1. The court finds an arrears of $525 on the Pendente Lite orders.
2. Said arrears shall be paid as follows:
(a) $175 on or before May 1, 1994
(b) $175 on or before September 1, 1994
(c) on or before December 1, 1994
L. Withholding
1. An immediate withholding is ordered.
M. Counsel Fees
1. The defendant shall pay to the plaintiff as a contribution toward her counsel fees the sum of $1500. Said sum shall be paid from the defendants net proceeds of the sale of the marital home.
N. Life insurance
1. The defendant indicated no life insurance on his financial affidavit. No evidence was presented as to the cost to the defendant to obtain life insurance in any amount. The defendant is ordered to maintain whatever life insurance may be available through his place of employment for the benefit of the plaintiff and the minor children for so long as the defendant has an obligation for alimony and/or child support.
2. This provision shall be modifiable.
COPPETO, J.